# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

ARC Venture Holding, Inc., et al.,

Debtors.[a]

BKY Case No.: 08-46367

Chapter 7
(Jointly Administered)

Brian F. Leonard, Trustee,

Plaintiff,

vs.

Dun & Bradstreet, Inc.,

Defendant.

Adv. No.: 10-4458

**SETTLEMENT AGREEMENT**

In consideration of the covenants and provisions contained herein and other good and valuable consideration, Plaintiff Brian F. Leonard, Trustee of the Estate of ARC Venture Holding, Inc., Southwest-Tex Leasing Co., Inc. d/b/a Advantage Rent-A-Car and jointly administered cases ("Trustee"), and Defendant Dun & Bradstreet, Inc., through their undersigned counsel, have entered into this Settlement Agreement. This Settlement Agreement ("Agreement") settles all claims the Trustee asserted in *Brian F. Leonard, Trustee v. Dun & Bradstreet, Inc.,* ADV. No. 10-4458 (Bankr. D. Minn.).

WHEREAS, on October 25, 2010, the Trustee filed a complaint to avoid a transfer by Southwest-Tex Leasing Co., Inc. of $23,542.80 to Dun & Bradstreet, Inc. under 11 U.S.C.

---

[a] Jointly administered estates of the following Debtors: ARC Venture Holding, Inc., Case No. 08-46367; Southwest-Tex Leasing Co., Inc., d/b/a Advantage, Case No. 08-46368; Advantage Rent-A-Car, Inc., Case No. 08-46369; Coast Leasing Corp., Case No. 08-46370; Floral Leasing Corp., Case No. 08-46371; Iliad Leasing Corp., Case No. 08-46372; Miso Leasing Corp., Case No. 08-46373; Nugget Leasing Corp., Case No. 08-46374; Okra Leasing Corp., Case No. 08-46375; Rainier Leasing Corp., Case No. 08-46376; San Antonio Rental & Leasing Co., Inc.; Case No. 08-46377; Steamboat Springs Rental and Leasing Co., Inc., Case No. 08-46379; Sun Leasing Corporation, Case No. 08-46380; Tradewinds U-Drive, Inc., Case No. 08-46383 Ute Leasing Corporation, Case No. 08-46384; Advantage Licensing LLC, Case No. 09-40394.

§§547(b) and 550(a). Dun & Bradstreet, Inc. denied liability on the claim and asserting various defenses including new value given and contemporaneous exchange for new value under 11 U.S.C. §547(c). Because continued litigation would require extensive proof of factual matters and would be costly to the Bankruptcy Estate and to Dun & Bradstreet, Inc., the parties believe it is in their best interest and the best interest of creditors of the bankruptcy estate to settle all claims in this adversary proceeding.

NOW THEREFORE, THE TRUSTEE AND DUN & BRADSTREET, INC. STIPULATE AND AGREE:

1. Dun & Bradstreet, Inc. shall pay the Trustee Seven Thousand Five Hundred Dollars ($7,500.00) ("Settlement Funds") by February 18, 2011 in full satisfaction of the Trustee's claims. The Settlement Funds shall be made payable to "Brian F. Leonard, Trustee", and shall be sent to the Trustee's counsel, Andrea M. Hauser, Leonard, O'Brien, Spencer, Gale and Sayre, Ltd., 100 South Fifth Street, Suite 2500, Minneapolis, MN 55402.

2. Upon the Trustee's receipt of the Settlement Funds, the Trustee will deposit the Settlement Funds into his trustee account and will notice the settlement to creditors and parties in interest under the Local Bankruptcy Rules, Bankruptcy Rule 9019, and other applicable rules as soon as practicable.

3. If any creditor or party in interest objects upon notice, and if the Bankruptcy Court does not approve the Agreement, the Trustee will immediately return all Settlement Funds to counsel for Dun & Bradstreet, Inc., Ronald L. Rowland, Receivable Management Services Corporation, 307 International Circle, Suite 270, Hunt Valley, MD 21030, and the parties will no longer be bound to or be prejudiced by this Agreement and will return to their prior rights, claims and positions in this adversary proceeding.

4. Upon payment of the Settlement Funds and the Bankruptcy Court's approval of this Agreement, the Trustee releases and discharges Dun & Bradstreet, Inc. and its respective successors and assigns, and its officers, directors, shareholders, members, participants, managers, employees, agents, representatives, parents, subsidiaries, insurers and attorneys, from all actions that the Trustee had, has or in the future may have against them arising out of or in connection with any fact alleged or that could have been alleged in this adversary proceeding. The Trustee is unaware of any other existing claims that the Bankruptcy Estate may assert against Dun & Bradstreet, Inc..

5. For good and valuable consideration, the receipt of which is hereby acknowledged, and upon the Bankruptcy Court's approval of this Agreement, Dun & Bradstreet, Inc. releases and discharges the Trustee from all actions that it had, has, or in the future may have arising out of the Trustee's actions prior to the date of this Agreement in connection with this adversary proceeding. Dun & Bradstreet, Inc. is unaware of any existing claims that it may assert against the Trustee or the Bankruptcy Estate with the exception of Dun & Bradstreet, Inc.'s right to file a proof of claim in this bankruptcy to reflect the payment of the Settlement Funds under 11 U.S.C. §502(h).

6. Upon the Bankruptcy Court's approval of this Agreement, pursuant to Bankruptcy Rule 7041(a) and Fed. R. Civ. P. 41(a), the Court may enter an order dismissing the adversary proceeding with prejudice. Each party shall be responsible for its own costs and attorneys' fees.

7. If the Bankruptcy Court does not approve this Agreement, nothing contained herein shall constitute an admission by any party hereto, nor shall anything contained herein constitute a waiver of any claims or issues by any of the parties.

8. It is specifically understood and agreed that the consideration hereinfore recited is in full, final, and complete compromise, settlement, accord, and satisfaction of disputed claims;

and there are no covenants, promises, or undertakings outside of this Agreement other than as specifically set forth herein.

9. This Agreement shall be construed under the laws of the State of Minnesota and the parties irrevocably consent to the jurisdiction of the U.S. Bankruptcy Court, District of Minnesota, with respect to any action to enforce the terms and provisions of the Agreement.

10. This Agreement shall not be amended or otherwise altered except by a writing that is signed by the parties' authorized representatives and their respective legal counsel.

11. This Agreement is valid if executed in counterparts, which if read together, constitute a fully executed Agreement.

**LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD.**

By: /e/ Andrea M. Hauser
Andrea M. Hauser    #207469
100 South Fifth Street
Suite 2500
Minneapolis, MN 55402
(612) 332-1030
ahauser@losgs.com
Attorneys for Brian F. Leonard, Trustee

Dated: February 1, 2011

**RECEIVABLE MANAGEMENT SERVICES CORPORATION**

By: _[signature]_
Ronald L. Rowland    # 10774
307 International Circle
Suite 270
Hunt Valley, MD 21030
(410) 773 - 4002
Ronald.Rowland@rmsna.com
Attorneys for Dun & Bradstreet, Inc.

Dated: February 1, 2011

434132